UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUIS ROBINSON                                        CIVIL ACTION

VERSUS

BARRETT BOEKER, ET AL.                       NO.: 15-00496-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 6)** filed by Plaintiff Louis Robinson. Plaintiff seeks a temporary restraining order ("TRO") requiring Defendants Barrett Boeker, *et alia*,[1] to release Plaintiff from confinement in the Secure Housing Unit of the Louisiana State Penitentiary, Angola, Louisiana, where he has been placed for over fifteen months. He requests a Court order for Defendants "to cease and desist from any further verbal contact which may possess the potential to be construed as sexually orientated harassment and/or a violation of the [Prison Rape Elimination Act]," and a preliminary injunction "requiring the defendants to immediately carry out the specifics thereof." (Doc. 6-1 at p. 4). For reasons explained herein, Plaintiff's motion is **DENIED**.

---

[1] Defendants are currently identified as Barrett Boeker, Unknown Trent, Robert Bradley, Unknown Russ, Unknown Miller, Unknown Hall, and Unknown Brown based on the complaint. (*See* Doc. 1 at p. 7). As of the date of this Ruling and Order, Defendants have not been served.

## I.   TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure ("Rule") 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Here, Plaintiff did not submit an affidavit or a verified complaint. Plaintiff is proceeding *pro se*, and he has not certified in writing any efforts made to give notice to Defendants. Plaintiff has not met the minimum requirements under Rule 65 for a TRO. Indeed, Plaintiff's memorandum primarily concentrates on the legal framework of the preliminary injunction, which the Court now turns to address.


## II.   PRELIMINARY INJUNCTION

### A.   Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he

decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mktg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains on a plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

### B.  Discussion

In the instant motion, Plaintiff asserts that he has been in extended lockdown in the Secure Housing Unit ("SHU") of the Louisiana State Penitentiary since June 2014. (Doc. 6-1 at p. 2). Plaintiff was sentenced to confinement in the SHU in connection with a disciplinary charge, which he does not dispute. Since the beginning of his placement in the SHU, Plaintiff has appeared before the "cell-block

review board" in ninety-day increments and has been denied release from SHU each time, with the reasons cited including "Nature of original reason for lockdown" or "Inmate's request." (*Id.* at pp. 2–3). As a result of his continued confinement in SHU, Plaintiff avers in the instant motion that he currently suffers harm "in the form of sensory deprivation coupled with a growing disenfranchisement with prison authority" as well as "changes in his sleep cycle, problems with short term memory, and loss of appetite." (Doc. 6-1 at p. 3).

For the purposes of obtaining a preliminary injunction, Plaintiff has failed to meet his burden. In particular, Plaintiff has not shown that he will face a substantial threat of irreparable injury if the injunction is not granted. He asserts that he suffers from an "altered sleep cycle" and short term memory loss, arguing that "[i]f he does not receive proper treatment, he faces the very real probability that these condition [sic] may worsen to the degree where treatment is no longer a viable option." (Doc. 6-2 at p. 3). In support of his position, Plaintiff does not cite any authority from the U.S. Court of Appeals for the Fifth Circuit, by which this Court is bound. (*Id.*). The one U.S. Supreme Court case he cites for this element, *Elrod v. Burns*, is a civil service employment case wholly inapplicable to Plaintiff's current circumstances. *See* 427 U.S. 347 (1976). Plaintiff has not identified any binding legal support—nor does the Court know of any—for his proposition that irreparable harm shall be suffered in continued confinement in SHU, if not for the granting of a preliminary injunction.

4

Further, the Court is not convinced that Plaintiff has met his burden to prove that the threatened injury outweighs any harm that will result to the non-movant Defendants if the injunction is granted. Plaintiff argues that "his potential suffering if his condition is allowed to continue to deteriorate outweighs any legitimately applicable penological interest the prison may seek to employ . . . ." (Doc. 6-2 at p. 3). While Plaintiff may ultimately show, in a later stage of these proceedings, that the conditions of extended lockdown result in serious deprivations of basic human needs,[2] it has not been established at this juncture that the balance of hardships weigh in Plaintiff's favor. If an injunction were to be granted, Defendants would suffer harm in a decreased ability to preserve internal order and discipline, and to maintain institutional security. The U.S. Supreme Court has made clear that "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Though the Court is mindful that Plaintiff is a *pro se* litigant, his motion remains insufficient to warrant granting the immediate relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Plaintiff has failed to make the proper showing that his case falls within this exceedingly narrow exception.

---

[2] *See, e.g., Wilkerson v. Stalder*, 639 F. Supp. 2d 654 (M.D. La. 2007).

5

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for a Temporary Restraining Order/Preliminary Injunction (Doc. 6)** filed by Plaintiff Louis Robinson is **DENIED.**

Baton Rouge, Louisiana, this 24th day of September, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6